UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| John Baemmert,<br><br>    Plaintiff,<br>v.<br><br>Credit One Bank, N.A.,<br><br>    Defendant. | Case No. 3:16-cv-00540<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. Defendant Credit One Bank, N.A. harassed Plaintiff for months with collection robocalls, when Defendant had no right to make these automated calls to Plaintiff's cellular telephone, and despite the fact that Plaintiff asked Defendant multiple times to stop calling.

2. Defendant persistently utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's privacy rights afforded under state and federal law.

3. The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v.*

-1-

*Brown,* 447 U.S. 455, 471 (1980).

4. Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompanies these repeated robocalls, but also these robocalls caused diminished battery life, wasted Plaintiff's plan minutes on Plaintiff's telephone service, wasted Plaintiff's time, and interfered with his ability to otherwise make and receive calls on his cellular telephone.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

6. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* and for its perpetual invasions of Plaintiff's privacy in violation of Wis. Stat. § 995.50.

7. Venue is proper in this District because Defendant transacts business here and places phone calls into this District, and Plaintiff lives in Wisconsin.

## PARTIES

8. Plaintiff John Baemmert (hereinafter "Plaintiff") is a natural person who resides in Wisconsin in the City of West Milwaukee, County of Milwaukee.

9. Plaintiff has suffered a concrete injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

10. Defendant Credit One Bank, N.A. (hereinafter "Defendant") is a national banking association with its corporate headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119.

11. At all times relevant to this Complaint, Defendant used one or more instrumentalities of interstate commerce, including electronic communication and the mail, to conduct business in the State of Wisconsin and within this judicial district.

## FACTUAL ALLEGATIONS

12. Within four years immediately preceding the filing of this lawsuit, Defendant and its agents used an automatic telephone dialing system to call Plaintiff's cellular telephone number in an effort to collect a debt that Plaintiff does not even owe.

### *Telephone Consumer Protection Act*

13. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing

the TCPA, such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.

17. The FCC also resolved the question of whether consent may be revoked in a Declaratory Ruling and Order released on July 10, 2015, wherein it determined that "[c]onsumers have the right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, FCC 15–72, 30 F.C.C.R. 7961 (July 10, 2015).

18. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii)

to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

19. An "automatic telephone dialing system" means "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A), (B).

20. At all times relevant to this complaint, Plaintiff was and is a "person" as defined by 47 U.S.C. § 153(39).

21. At all times relevant to this complaint, Plaintiff was and is the owner, subscriber and user of a cellular telephone with the telephone number (414) 600-5486 (hereinafter referred to as Plaintiff's "cell phone") that is assigned to a service for which Plaintiff is charged for calls.

22. At all times relevant to this Complaint, Defendant knowingly used, controlled, and/or operated an "automatic telephone dialing system" as defined by the TCPA at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

*Illegal Auto-Dialed Collection Calls*

23. Within four years immediately preceding the filing of this lawsuit, Defendant and its agents knowingly used an automatic telephone dialing system to call

Plaintiff's cell phone in an effort to collect a debt from Plaintiff.

24. Plaintiff has never had a business relationship with Defendant, has never had an account with Defendant, and does not owe a debt to Defendant.

25. Nevertheless, Defendant repeatedly called Plaintiff's cell phone using an automatic telephone dialing system in an effort to collect a debt that Plaintiff does not owe.

26. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his cell phone by the use of an automatic telephone dialing system or a prerecorded or artificial voice.

27. Plaintiff also continually revoked any consent he may have given to Defendant to call his cell phone by repeatedly asking Defendant to stop calling him or to put him on their do-not-call list.

28. From the very first time Plaintiff answered a call from Defendant, on or around January 29, 2016, Plaintiff asked that Defendant put him on their do-not-call list.

29. On at least thirteen more occasions, through February 11, 2016, Plaintiff asked Defendant to stop calling him and to put his telephone number on their do-not-call list.

30. Defendant continued to ignore Plaintiff's revocation requests, however, and continued to call Plaintiff's telephone number with its automatic telephone

dialing system.

31. Upon answering many of the calls from Defendant, Plaintiff would say "hello" and there would be a noticeable period of dead air and no live person on the other end of the call, which is indicative of an automatic telephone dialing system.

32. Defendant called Plaintiff's cell phone multiple times in a day and throughout the day, which is further indicative of Defendant's use of an automatic telephone dialing system to make these phone calls to Plaintiff.

33. Defendant knew, or should have known, that it did not have Plaintiff's consent to use an automatic telephone dialing system to call Plaintiff's cell phone, especially after Plaintiff's multiple requests for Defendant to stop calling him, yet they continued to harass Plaintiff with robocalls on a daily basis.

34. Defendant's illegal automated calls to Plaintiff's cell phone originated from numerous telephone numbers as identified on caller ID, including, but not limited to:

>   212-453-4445
>   469-904-7308
>   470-225-2557
>   480-444-2421
>   612-486-0973
>   719-696-6175
>   732-867-2870
>   855-306-4247

>
> 866-473-0948
> 973-796-2481

35. Defendant made these unwanted automated phone calls to Plaintiff's cell phone number in violation of the TCPA.

36. These automated calls from Defendant to Plaintiff were made to Plaintiff's personal telephone, and therefore Plaintiff has suffered particularized concrete injuries because his cell phone was unavailable for legitimate use during the unwanted calls.

37. During one call with Defendant in February 2016, Plaintiff was even put on hold for approximately thirty minutes before he eventually had to hang up.

38. Defendant's repeated autodialed collection calls to Plaintiff's cell phone, within the last four years prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

39. None of the telephone calls that Defendant placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

40. Defendant willfully or knowingly violated the TCPA by continuing to call Plaintiff's cell phone after being told to stop because Defendant had no basis to believe that they had Plaintiff's prior express consent to make automated calls or to send artificial and prerecorded messages to Plaintiff's cell phone.

41. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the

<283>

<310>

usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted.)

42. The Seventh Circuit has ruled that under the Hobbs Act, the FCC Order cannot be challenged in the District Courts. *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443 (7th Cir. Ill. 2010).

43. One district court has ruled that because of the Seventh Circuit's ruling in *CE Design,* it "borders on frivolous" to attempt to challenge this FCC Order in a District Court. *Nelson v. Santander Consumer USA, Inc.*, 931 F. Supp. 2d 919, 928-929 (W.D. Wis. 2013)(vacated after settlement).

44. The repeated autodialed collection calls of Defendant and its agents to Plaintiff's cell phone also unreasonably invaded Plaintiff's right to privacy in his home, in violation of Wis. Stat. § 995.50.

45. It was highly offensive for Defendant to continue calling Plaintiff on his cell phone, multiple times a day, after he had repeatedly asked them to stop.

*Summary*

46. All of the calls made to Plaintiff's cell phone by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

47. Defendant's persistent autodialed calls eliminated Plaintiff's right to be left alone.

48. Defendant's autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, and continually frustrated and annoyed Plaintiff.

49. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with his cell phone.

50. By persistently autodialing Plaintiff's cell phone without prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

**TRIAL BY JURY**

51. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 *et seq.*

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Within the four-year period immediately preceding this action, Defendant made numerous calls to Plaintiff's cell phone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200 (a)(1)(iii).

54. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

55. As a causally direct and legally proximate result of the above violations of the TCPA, Defendant, at all times material and relevant hereto and as described in this Complaint, caused Plaintiff to sustain damages.

56. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cell phone.

57. Defendant made these calls to Plaintiff's cell phone willfully and after

Plaintiff explicitly asked Defendant to stop.

58. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per automated phone call made to Plaintiff by Defendant.

59. Defendant willfully and knowingly violated the TCPA and, as such, Plaintiff is entitled to $1,500.00 per automated phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

60. Plaintiff is also entitled to injunctive relief prohibiting Defendant from contacting Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(a).

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

## WIS. STAT. § 995.50

61. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

62. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

63. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

64. The Honorable Court of Appeals for the 8th Circuit recently held that violations of the TCPA were violations of a consumer's right to privacy:

> We conclude that the ordinary meaning of the term "right of privacy" easily includes violations of the type of privacy interest protected by the TCPA. Our court has previously stated that violations of the TCPA are "'invasions of privacy' under [the] ordinary, lay meaning[] of the[] phrase[].

*Owners Ins. Co. v. European Auto Works, Inc.*, 695 F.3d 814 (8th Cir. 2012) (citing *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005)).

65. Wisconsin has also recognized the right of privacy in Wis. Stat. § 995.50.

66. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude,

seclusion, private concerns and affairs.

67. Defendant and its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff's cellular telephone, and by continuing to call Plaintiff after he repeatedly asked them to stop.

68. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy, which occurred in a way that would be highly offensive to a reasonable person in that position.

69. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to equitable relief to prevent further invasions, compensatory damages, reasonable attorney's fees and punitive damages from Defendant in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 *et seq.*

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C.

- § 227(b)(3)(B) against Defendant and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiff;

- for an injunction prohibiting Defendant from contacting the Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(A);

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

## WIS. STAT. § 995.50

- for an award of compensatory damages from Defendant pursuant to Wis. Stat. § 995.50(1)(b) in an amount to be determined at trial and for Plaintiff;

- for equitable relief to prevent and restrain such further invasions from Defendant pursuant to Wis. Stat. § 995.50(1)(a);

- for an award of punitive damages from Defendant pursuant to Wis. Stat. § 895.043 for Defendant's intentional disregard for Plaintiff's right of privacy, and in an amount to be determined at trial for Plaintiff;

- for an award of reasonable attorney's fees pursuant to Wis. Stat. § 995.50(1)(c) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

|  |  |
|---|---|
|  | **BARRY & HELWIG, LLC** |
| Dated: August 1, 2016 | By: <u>s/ Peter F. Barry</u><br>Peter F. Barry, Esq.<br>WI Attorney I.D.#1044951<br>Patrick J. Helwig, Esq.<br>WI Attorney I.D.#1081347<br>2701 University Ave SE, Suite 209<br>Minneapolis, Minnesota 55414-3236<br>Telephone: (612) 379-8800<br>Facsimile: (612) 379-8810<br>pbarry@lawpoint.com<br>phelwig@lawpoint.com |
| pfb/ra | **Attorneys for Plaintiff** |

## VERIFICATION OF COMPLAINT AND CERTIFICATION

      Pursuant to 28 U.S.C. § 1746, Plaintiff John Baemmert, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___August___ ___1___, ___2016___
                     Month       Day       Year

___*John Baemmert*___
Signature