UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

JOHN BAEMMERT,

        Plaintiff,                COURT FILE NO.: 3:16-cv-540- JDP

    v.

CREDIT ONE BANK, N.A.,

        Defendant.

**DEFENDANT CREDIT ONE BANK, N.A.'S BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

___

## INTRODUCTION

This matter is before the Court on the motion of defendant Credit One Bank, N.A. ("Credit One") for summary judgment in its favor on all claims asserted against it.

On August 1, 2016, plaintiff John Baemmert ("Baemmert") filed this action, seeking to hold Credit One liable for allegedly violating the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, and his privacy rights under Wisconsin state law. Def.'s Proposed Findings of Fact ("PFOF") ¶ 1.

The TCPA prohibits any person from using an automatic telephone dialing system ("ATDS") to make telephone calls to "any telephone number assigned to a . . . cellular telephone service" or to "any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A) (emphasis added).

Baemmert cannot establish the existence of a genuine issue of material fact precluding summary judgment in Credit One's favor.

*First*, Baemmert cannot meet his burden of establishing that Credit One used an ATDS to make the calls at issue. *See* PFOF ¶ 24; *see also id.* ¶¶ 26 and 27. Neither Credit One nor its vendors have been able to locate any record of calls made to plaintiff's telephone number 414-600-5486. *Id.* ¶¶ 24, 26 and 27.

*Second*, Baemmert's telephone number, 414-600-5486, is not a "number assigned to a . . . cellular telephone service." *Id.* ¶¶ 11-14. Rather, Baemmert installed mobile app known as TextMe on his mobile telephone, and TextMe, Inc., assigned the telephone number to Baemmert's TextMe app. *Id.* ¶¶ 16-18.

And TextMe did not charge Baemmert for incoming calls and therefore did not charge Baemmert for calls at issue in this case. *Id.* ¶ 15. Baemmert claims that he paid $10 to replenish credits expended on calls. *Id.* ¶ 23. However, the record reflects that Baemmert made the payment on August 4, 2016, three days ***after*** filing this lawsuit and six months ***after*** the calls at issue. *Id.* As TextMe's declaration makes clear, Baemmert may have used credits to make ***outgoing calls***, but TextMe did not charge him money or credits for incoming calls, including the calls at issue in this case. *Id.* ¶ 15.

*Finally*, to prevail under Wisconsin privacy law, Baemmert must show that a reasonable person would find the calls to be "highly offensive." Wis. Stat. § 995.50(2)(a). But Baemmert admits that he does not use his TextMe application for telephone calls. PFOF ¶ 31. In fact, during calls made by Baemmert to purported representatives of Credit One, Baemmert refused to identify his telephone number for the stated purpose of

2
3578095v4

allowing the calls, and his alleged damages, to accumulate. *Id.* ¶ 32. Baemmert therefore took affirmative action to prevent the representatives from attempting to locate and remove his telephone number, and he did so with the express intent to litigate. *Id.* Under the circumstances, a reasonable person would not likely find the calls to be "highly offensive" intrusions.

## ARGUMENT

### I. Summary Judgment Standard.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Even so, the non-moving party cannot rest on bare allegations alone but must designate specific material facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("The existence of a mere scintilla of evidence supporting a plaintiff's position is insufficient . . . ."); *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000) ("Once the party moving for summary judgment uncovers a hole in the opponent's case, the nonmoving party that bears the ultimate burden at trial must show that there is evidence creating a genuine issue of material fact.").

Claims that are factually unsupported should be disposed of on summary judgment. *Celotext*, 477 U.S. at 323-24. "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

In this case, plaintiff's claims rely solely upon conclusory allegations and unreasonable inferences from the facts. *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009) (inferences that rely on speculation or conjecture are insufficient to defeat summary judgment). The Court should grant Credit One's motion in its entirety, enter judgment in Credit One's favor as a matter of law, and dismiss plaintiff's complaint with prejudice.

II. **Credit One is Entitled to Summary Judgment in its Favor on Plaintiff's TCPA Claims.**

   A. *Plaintiff Cannot Establish That Credit One Used an ATDS to Make the Calls at Issue.*

The TCPA prohibits a person from making "any call (other than for emergency purposes or made with the prior express consent of the called party) using any [ATDS] . . . ." 47 U.S.C. § 227(b)(1)(A). The TCPA defines an ATDS as equipment that has the capacity to: (1) store or produce telephone numbers to be called, using a random or sequential number generator; and (2) to dial such numbers. See 47 U.S.C. § 227(a)(1); 47

3578095v4

C.F.R. § 64.1200(f)(2). The basic function of an ATDS is the capacity to dial telephone numbers "without human intervention." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 2015 WL 4387780, ¶¶ 10-24 (FCC 2015). Plaintiff bears the ultimate burden of establishing that Credit One used an ATDS to make the calls at issue in this case.

The evidence and facts purporting to support Baemmert's claims consist of the documents produced by the parties in discovery, the parties' Rule 26(a) initial disclosures, and the allegations contained in the complaint. None of these documents would allow a reasonable fact finder to conclude that Credit One (or it vendors) used an ATDS to placed calls to plaintiff.

        1.    <u>Baemmert's speculation that Credit One used at ATDS to make the calls at issue is insufficient to create a genuine issue of material fact.</u>

In his complaint, Baemmert alleges that, upon answering calls, "there would be a noticeable period of dead air and no live person on the other end of the call, which is indicative of an [ATDS]," and he summarily concludes that "Defendant and its agents knowingly used an [ATDS] to call [his] cell phone …." PFOF ¶ 35. Several courts have found such conclusory allegations to be insufficient to create a genuine issue of material fact and defeat a motion for summary judgment. *See, e.g., Norman v. AllianceOne Receivables Mgmt., Inc.,* 637 Fed.Appx. 214, 215 (7th Cir. 2015) (finding that "dead air" was insufficient to create a genuine issue of material fact, even though auto dialers frequently result in "dead air"); *Martin v. Allied Interstate, LLC*, 192 F.Supp.3d 1296, 1308 (S.D. Fla. 2016) (rejecting the plaintiff's conclusory allegation that, when she

answered one of the calls at issue, she "heard an auto dialer"); *Estrella v. Ltd. Fin. Servs., LP*, No. 14-cv-2624, 2015 WL 6742062, at *3 (M.D. Fla. Nov. 2, 2015) ("[T]here is no foundation or support for Plaintiff's conclusion that 'clicks and delays' and 'prolonged silences' means that an ATDS or predictive dialer was being used to place the calls."); *Gaza v. LTD Fin. Servs., LP*, No. 14-cv-1012, 2015 WL 5009741, at *4 (M.D. Fla. Aug. 24, 2015) (holding that the plaintiff failed to rebut testimony that all calls were placed manually).

Baemmert's speculation that the calls at issue were placed using an ATDS is insufficient to create a genuine issue of material fact.

> 2. Plaintiff's reliance on bare allegations is insufficient to create a genuine issue of material fact.

Regardless whether Credit One and its vendors may have used predictive dialers to make any calls in the past to individuals other than plaintiff, Baemmert has not produced any evidence that such dialer was used in this case. *See, e.g.*, *Mudgett v. Navy Federal Credit Union*, 998 F.Supp.2d 722, 723 (E.D. Wis. 2012) (granting summary judgment in favor of the defendant who admitted the use of autodialers for some purposes, but had reviewed its records and determined that autodialers were not used to make the calls at issue). Baemmert simply cannot avoid summary judgment by simply resting on allegations in his pleadings, *Anders v. Waste Mgm't of Wis.*, 463 F.3d 670, 675 (7th Cir. 2006), and neither the parties' Rule 26(a) disclosures nor any discovery responses in this matter support Baemmert's speculation that Credit One made any calls using an ATDS.

6

In fact, the record does not reveal that a dialing system of any nature was used to place calls to Baemmert.

        3.      <u>Plaintiff's complete failure of proof regarding Credit One's alleged use of an ATDS renders all other facts immaterial.</u>

Plaintiff cannot make a sufficient showing to establish an essential element of his claim – that he was contacted using an ATDS – notwithstanding having had more than an adequate amount of time to conduct discovery on the issue. Plaintiff's complete failure of proof concerning this essential element of his claim renders all other facts immaterial, *Celotex*, 477 U.S. at 323, and necessitates entry of summary judgment in Credit One Bank's favor with respect to Plaintiff's TCPA claim. *See also*, *e.g.*, *Ung v. Universal Acceptance Corp.*, No. 15-127 (RHK/FLN), 2017 WL 1288378, *4-5 (D. Minn. April 6, 2017) ("Because the evidence does not suggest Ung was called using an ATDS, his TCPA claim fails as a matter of law . . . ."); *Mudgett*, 998 F.Supp.2d at 725 (granting summary judgment in favor of the defendant because the plaintiff failed to demonstrate that calls were placed using an ATDS);.*Buslepp v. Improv Miami, Inc.*, No. 12-60171-CIV, 2012 WL 4932692, *2 (S.D. Fla. Oct. 16, 2012) (rejecting the plaintiff's contention that the defendant cannot prove that it did not send text messages using an ATDS, stating: "But this confuses the burden of proof: It is Plaintiff who must show, as an element of his claim, that Defendant used an ATDS."); *Satterfield v. Simon & Schuster*, No. C 06-2893 CW, 2007 WL 1839807, *6 (N.D. Cal. June 26, 2007) (granting summary judgment in the defendant's favor, where the plaintiff failed to establish use of an ATDS to make the calls at issue);

7
3578095v4

In fact, the record does not reveal that a dialing system of any nature was used to place calls to Baemmert.

      3.    <u>Plaintiff's complete failure of proof regarding Credit One's alleged use of an ATDS renders all other facts immaterial.</u>

Plaintiff cannot make a sufficient showing to establish an essential element of his claim – that he was contacted using an ATDS – notwithstanding having had more than an adequate amount of time to conduct discovery on the issue. Plaintiff's complete failure of proof concerning this essential element of his claim renders all other facts immaterial, *Celotex*, 477 U.S. at 323, and necessitates entry of summary judgment in Credit One Bank's favor with respect to Plaintiff's TCPA claim. *See also*, *e.g.*, *Ung v. Universal Acceptance Corp.*, No. 15-127 (RHK/FLN), 2017 WL 1288378, *4-5 (D. Minn. April 6, 2017) ("Because the evidence does not suggest Ung was called using an ATDS, his TCPA claim fails as a matter of law . . . ."); *Mudgett*, 998 F.Supp.2d at 725 (granting summary judgment in favor of the defendant because the plaintiff failed to demonstrate that calls were placed using an ATDS);.*Buslepp v. Improv Miami, Inc.*, No. 12-60171-CIV, 2012 WL 4932692, *2 (S.D. Fla. Oct. 16, 2012) (rejecting the plaintiff's contention that the defendant cannot prove that it did not send text messages using an ATDS, stating: "But this confuses the burden of proof: It is Plaintiff who must show, as an element of his claim, that Defendant used an ATDS."); *Satterfield v. Simon & Schuster*, No. C 06-2893 CW, 2007 WL 1839807, *6 (N.D. Cal. June 26, 2007) (granting summary judgment in the defendant's favor, where the plaintiff failed to establish use of an ATDS to make the calls at issue);

Plaintiff cannot establish that Credit One used an ATDS to make any call at issue. For this reason alone, Credit One's motion for summary judgment must be granted.

### B. The TCPA Does Not Apply to Calls Made to the Number Assigned to Plaintiff's TextMe Application.

Even if Baemmert could establish that Credit One used an ATDS to make the telephone calls at issue, Credit One is entitled to summary judgment because Baemmert cannot establish that his telephone number was assigned to a cellular telephone service or that he was charged for the calls at issue.

#### 1. The telephone number associated with plaintiff's TextMe application is not "assigned to a cellular telephone service."

By its plain terms, the TCPA does not prohibit calls made to a mobile or "cellular" telephone. 47 U.S.C. § 227(b)(1)(A). Rather, the TCPA prohibits telephone calls made to "any telephone number *assigned* to a . . . cellular telephone service." *Id.* (emphasis added).

The record reflects that Baemmert installed the TextMe application on a mobile telephone. PFOF ¶ 17. But Baemmert failed to establish his allegations that the telephone *number* associated with his TextMe application was assigned to a cellular telephone *service*. In fact, the record disproves Baemmert's allegations. TextMe is not a cellular telephone service. PFOF ¶¶ 11-14.

Because his telephone number was not assigned to a cellular telephone service at any time relevant, Baemmert cannot prevail on his TCPA claims unless he can establish that he was charged for the telephone calls at issue.

8

## 2. The telephone number associated with plaintiff's TextMe application is not assigned to a "service for which the called party is charged for the call."

Likewise, Baemmert cannot establish that his telephone number was assigned to a "service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A). As noted *supra*, Baemmert's alleged payment for incoming calls is not supported by the record. TextMe did not charge Baemmert for any incoming calls, including the calls at issue here. PFOF ¶ 15. *See In re Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 2015 WL 4387780 at ¶ 36 (FCC 2015) ("App users may also receive calls … without charge."). The evidence submitted in this matter plainly indicates that the number at issue was not assigned to a service for which Baemmert was charged.

Baemmert may argue that it is not necessary for him to prove that he incurred charges for the calls at issue. But that is true if – and only if – Baemmert could have established that his telephone number was assigned to a "cellular telephone service." *See, e.g., Lozano v. Twentieth Century Fox Film Corp.*, 702 F.Supp.2d 999, 1001, 1009-10 (N.D. Ill. 2010), citing with approval *Abbas v. Seeling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, *3 (N.D. Ill. Dec. 14, 2009) (holding "that the TCPA does not require that a party called at a "***telephone number assigned to a cellular telephone service***" establish that he was charged for the call) (emphasis added); *see also Lynn v. Monarch Recovery Management, Inc.*, 586 Fed.Appx. 103, 103-104 (4th Cir. 2014) (the plaintiff was able to recover under the TCPA because his number was assigned to a Voice over Internet Protocol ("VoiP") service that charged him for each incoming call).

9

As discussed in more detail *supra*, the record reflects that Braemmert's telephone number was not, in fact, assigned to a cellular telephone service. Thus, the fact the he was not charged for incoming calls is fatal to his TCPA claim and summary judgment in favor of Credit One is appropriate.

### III. CREDIT ONE IS ENTITLED TO JUDGMENT AS A MATTER OF LAW WITH RESPECT TO PLAINTIFF'S INVASION OF PRIVACY CLAIM.

Under Wisconsin law, a defendant may be held liable for invasion of privacy based on, among other things, "[i]ntrusion . . . of a nature highly offensive to a reasonable person, in a place that a reasonable person would consider private . . . ." Wis. Stat. § 995.50(2)(a).

"Wisconsin privacy law turns in part on the reasonable expectation [of privacy] that an individual would have in the environment in question." *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013). "The test is an objective one; whether a reasonable person would find the intrusion highly offensive." *Beal v. Windham Vacation Resorts, Inc.*, 956 F.Supp.2d 962, 972 (W.D. Wis. 2013) (citation omitted). The determination involves evaluating the context, facts, and circumstances to determine whether the plaintiff had a reasonable expectation of privacy either in the area itself or in the items in the area. *Bogie*, 705 F.3d at 610 (emphasis added).

In February 2016, Baemmert called representatives of Credit One several times. PFOF ¶¶ 28-30. During some of the calls, Baemmert admitted that TextMe is a free application that he uses exclusively for texting. *Id.* ¶ 31. Baemmert does not use the TextMe application for telephone calls. *Id.* Furthermore, during some of the calls,

10

Baemmert refused to identify his telephone number for the purported representatives of Credit One to attempt to locate and remove it from their records, stating, among other things:

- I don't want that.

- We are going to leave it as it goes and the more and more you call, 'cause you guys will, you will call, it's just adding more and more money that you're gonna owe me.

- "[A]ny more calls for me that I get is [*sic*] just a $1,500 more fine for you to pay.

PFOF ¶ 32.

No reasonable jury could conclude that a mobile application designed to assist a user in sending and receiving calls and texts is "a place that a reasonable person would consider private." Wis. Stat. § 995.50(2)(a). And, based on Baemmert's statements, no reasonable jury could find the telephone calls at issue to be "highly offensive." *Beal*, 956 F.Supp.2d at 972.

## IV. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER BAEMMERT'S STATE LAW CLAIM.

Upon dismissal of Baemmert's federal claims under the TCPA, and should the Court decline to grant summary judgment on Baemmert's state law claim for invasion of privacy, the Court should decline to exercise supplemental jurisdiction over the state law claim and dismiss the claim without prejudice.

A federal district court has supplemental jurisdiction over all state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). However, "[p]endent jurisdiction

11

is a power which the district court, in the exercise of its sound discretion, may choose to grant; it is not a plaintiff's right." *Kennedy v. Schoenberg, Fisher & Newman*, 140 F.3d 716, 728 (7th Cir. 1998) (citations omitted). A district court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, n.7 (1988). In fact, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Kennedy*, 140 F.3d at 728 (noting that the Seventh Circuit Court of Appeals "has characterized [a] district court's discretion to relinquish pendent jurisdiction as 'almost unreviewable'").

## CONCLUSION

For the reasons described herein, Baemmert has wholly failed to state a valid claim or otherwise meet the requisite burden of proof, and therefore the Court should grant judgment in Credit One's favor as a matter of law and dismiss the complaint with prejudice.

Dated:  May 12, 2017
/s/ Michael S. Poncin
Michael S. Poncin (No. 296417)
150 South Fifth Street, Suite 1200
Minneapolis, MN  55402-4129
Telephone:  (612) 877-5000
E-mail:  mike.poncin@lawmoss.com

ATTORNEYS FOR DEFENDANT
CREDIT ONE BANK, N.A.

13
3578095v4