# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

JOHN BAEMMERT,

        Plaintiff,        COURT FILE NO.: 3:16-cv-540- JDP

   v.

CREDIT ONE BANK, N.A.,

        Defendant.

## DEFENDANT'S BRIEF IN RESPONSE
## TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

### INTRODUCTION

Defendant Credit One Bank, N.A. ("Credit One"), submits this brief in response to plaintiff John Baemmert's motion for summary judgment. Plaintiff's motion should be denied in its entirety because the record demonstrates that plaintiff is not entitled to summary judgment. Plaintiff's reliance on bare allegations, inadmissible evidence, unreasonable inferences from the facts, and misleading citations to legal authority merely underscores plaintiff's abject failure to demonstrate that he is entitled to judgment as a matter of law.

Credit One filed a cross-motion for summary judgment against plaintiff on May 12, 2017. As described in Credit One's supporting brief and related documents, and for the reasons set forth herein, the Court should deny plaintiff's motion for summary judgment and opt to instead grant summary judgment in Credit One's favor.

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). On cross-motions for summary judgment, the court assesses whether each movant has satisfied the requirements of Rule 56. *See Cont'l Cas. Co. v. Nw. Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005)." "As with any summary judgment motion, [the court] review[s] cross-motions for summary judgment construing all facts, and drawing all reasonable inferences from those facts, in favor of the non-moving party." *Laskin v. Siegel*, 728 F.3d 731, 734 (7th Cir. 2013). The court "must determine whether the evidence, so construed, establishes genuine disputes of material fact with respect to" the claims. *Harper v. Fulton Cnty.*, 748 F.3d 761, 765 (7th Cir. 2014). A genuine issue of material fact "exists only if there is enough evidence upon which a reasonable [finder of fact] could return a verdict in" the non-movant's favor. *Swetlik v. Crawford*, 738 F.3d 818, 826 (7th Cir. 2013).

## ARGUMENT

**I.  THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN ITS ENTIRETY.**

**A.  PLAINTIFF'S TCPA CLAIMS FAIL AS A MATTER OF LAW.**

The Telephone Consumer Protection Act ("TCPA") prohibits any person from using an automatic telephone dialing system ("ATDS") to make telephone calls to "any telephone number assigned to a . . . cellular telephone service" or to "any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A). The TCPA

defines "automatic telephone dialing system" ("ATDS") as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator, and . . . to dial such numbers." *Id.* § 227(a)(1). The basic function of an ATDS is the capacity to dial telephone numbers "without human intervention." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 2015 WL 4387780, ¶¶ 10-24 (FCC 2015).

Plaintiff bears the burden of establishing that Credit One used an ATDS to make the calls at issue and that Credit One either made the calls to a telephone number assigned to a "cellular telephone service" or to "any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

### 1. *Plaintiff's Supporting Affidavit and Related Documents Are Inherently Unreliable.*

Plaintiff does not seem to know whether his telephone number is 414-600-54*68* or 414-600-54*86*. In his complaint, plaintiff identified his telephone number as 414-600-5486. Def.'s Proposed Findings of Fact in Response to Pl.'s Mot. for SJ ("DFOF") ¶ 6. Plaintiff's written discovery requests identify his number as 414-600-5486 in one place, and as 414-600-5468 in all others. DFOF ¶ 7. In third party subpoenas, plaintiff identified the number as 414-600-5486. DFOF ¶ 7. Plaintiff bases his motion for summary judgment on telephone number 414-600-5468, DFOF ¶ 9. Plaintiff's sworn affidavit in support of this motion refers to both numbers. DFOF ¶ 10. Likewise, plaintiff's Proposed Findings of Fact refer to both numbers. *See, e.g.* ECF No. 10 (Pl.'s Proposed Findings of Fact ("PPFF")) ¶¶ 12, 13 (414-600-5486). *Compare* PPFF ¶¶ 15, 49 (414-600-5468).

Plaintiff's confusion regarding his own telephone number renders his supporting affidavit and related documents inherently unreliable. For this reason alone, the Court should deny plaintiff's motion for summary judgment. The motion is not properly supported by admissible evidence.

> 2. *Plaintiff Fails to Produce Sufficient Evidence to Hold Credit One Vicariously Liable for Alleged TCPA Violations.*

Plaintiff filed this lawsuit on August 1, 2016, alleging only direct claims against Credit One. DFOF ¶ 11.

The deadline for amending pleadings expired on November 18, 2016. DFOF ¶ 12. Despite months of discovery, the record contains no evidence that Credit One placed any calls at any time to plaintiff's alleged telephone number, or that Credit One retained anyone else to place such calls on its behalf. *See, e.g.*, DFOF ¶¶ 23-24. Plaintiff now veers from the direct liability theory alleged in the complaint and seeks to hold Credit One vicariously liable for calls allegedly placed by third parties: iEnergizer, Inc., and First Contact, LLC. DFOF ¶ 13.

"[A] plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.'" *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) (quoting *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002)). Here, plaintiff's complaint does not allege any claim based on vicarious liability. Nor has the Court granted plaintiff leave to pursue such a claim.

A party may be held vicariously liable for a third-party's TCPA violations "under federal common law principles of agency." *In re Joint Petition Filed By Dish Network,*

*LLC, Declaratory Ruling*, 28 FCC Rcd. 6574, 6582-84 (May 9, 2013). Agency is a "fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01 (2006). "An essential element of agency is the principal's right to control the agent's actions." *Id.* § 1.01, cmt. f(1). In particular, "[t]he power to give interim instructions distinguishes principals in agency relationships from those who contract to receive services provided by persons who are not agents." *Id.*

In this case, plaintiff's complaint does not allege a vicarious liability claim against Credit One. Even if plaintiff had pleaded such a claim, the record contains no evidence that Credit One manifested assent to iEnergizer, First Contact, or any other third party to place any calls to plaintiff's alleged telephone number on Credit One's behalf, or that Credit One had any ability to control the means and manner of making such calls. *See, e.g.*, DFOF ¶¶ 23-24. Credit One is therefore entitled to summary judgment in its favor on plaintiff's TCPA claims. *See, e.g., Smith v. State Farm Mut. Auto. Ins. Co.*, No. 13 C 2018, 2013 WL 5346430, at *3 (N.D. Ill. Sept. 23, 2013) (dismissing TCPA claim based on the plaintiff's failure to allege sufficient facts to reasonably infer an agency relationship between the caller and the defendant); *Spiegel v. Carlson*, No. 1:15-cv-01809, 2016 WL 5477529 (N.D. Ill. Sept. 29, 2016) (dismissing TCPA claim based on failure to allege vicarious liability).

### 3. *Plaintiff Fails to Meet His Burden of Establishing that Credit One used an ATDS to Make the Calls at Issue.*

#### a. **Plaintiff Fails to Produce Sufficient Evidence that Credit One Used an ATDS to Place Calls to His Alleged Telephone Number.**

Even if plaintiff had produced sufficient evidence that plaintiff contracted or had an agency relationship with iEnergizer and First Contact, LLC, to place calls to plaintiff's alleged telephone number on Credit One's behalf, for the reasons described below, plaintiff's TCPA claims fail as a matter of law.

Plaintiff has not produced sufficient evidence that an ATDS was used to place the alleged calls.[1] *See, e.g.* DFOF ¶ 23. Whether Credit One or its vendors may have used predictive dialers in the past to make calls to individuals other than plaintiff does not establish that such dialer was used in this case. *See, e.g.*, *Mudgett v. Navy Federal Credit Union*, 998 F.Supp.2d 722, 723 (E.D. Wis. 2012) (granting summary judgment in favor of the defendant who admitted the use of autodialers for some purposes, but had reviewed its records and determined that autodialers were not used to make the calls at issue). Plaintiff cannot prevail on his motion for summary judgment by simply resting on allegations in his pleadings, *Anders v. Waste Mgm't of Wis.*, 463 F.3d 670, 675 (7th Cir. 2006), and neither the parties' Rule 26(a) disclosures nor any discovery responses in this matter support plaintiff's speculation that anyone used a predictive dialer to make any

---

[1] One possible explanation for this is that calls may have been forwarded to plaintiff's alleged telephone number from another number. Without any indication that Credit One or its vendors initiated the alleged calls, it is impossible to determine whether plaintiff or someone else provided prior express consent for such calls.

calls to plaintiff's alleged telephone number. In fact, the record does not reveal that a dialing system of any nature was used to place calls to plaintiff.

### b. "Dead Air" is Insufficient as a Matter of Law to Establish Use of an ATDS.

Plaintiff argues that, upon answering calls, "there would be a noticeable period of dead air and no live person on the other end of the call, which is indicative of an [ATDS]." Based on "dead air," plaintiff summarily concludes that "[Credit One] and its agents knowingly used an [ATDS] to call [his] cell phone …." As held by the Seventh Circuit Court of Appeals and courts in several other jurisdictions, the alleged "dead air" is insufficient to establish the use of an ATDS as a matter of law. *Norman v. AllianceOne Receivables Mgmt., Inc.,* 637 Fed.Appx. 214, 215 (7th Cir. 2015) (finding that "dead air" was insufficient to create a genuine issue of material fact, even though auto dialers frequently result in "dead air"); *see, e.g., Martin v. Allied Interstate, LLC*, 192 F.Supp.3d 1296, 1308 (S.D. Fla. 2016) (rejecting the plaintiff's conclusory allegation that, when she answered one of the calls at issue, she "heard an auto dialer"); *Estrella v. Ltd. Fin. Servs., LP*, No. 14-cv-2624, 2015 WL 6742062, at *3 (M.D. Fla. Nov. 2, 2015) ("[T]here is no foundation or support for Plaintiff's conclusion that 'clicks and delays' and 'prolonged silences' means that an ATDS or predictive dialer was being used to place the calls."). Thus, plaintiff's mere assertion that there was "dead air" does not establish that an ATDS was used to place any of the alleged calls.

### c. The Prior Deposition Testimony of Plaintiff's Rule 30(b)(6) Designee in an Unrelated Case is Irrelevant.

In an attempt to establish the use of an ATDS in this case, plaintiff relies heavily on the prior deposition testimony of Credit One's Rule 30(b)(6) designee, Gary Harwood, taken in an unrelated case, *Roark v. Credit One Bank, N.A.*[2]

Mr. Harwood's prior deposition testimony is irrelevant. Even if Credit One and its vendors may have used predictive dialers to make any calls in the past to individuals other than plaintiff, plaintiff has not produced any evidence that such dialer was used in this case. *See, e.g.*, *Mudgett v. Navy Federal Credit Union*, 998 F.Supp.2d 722, 723 (E.D. Wis. 2012) (granting summary judgment in favor of the defendant who admitted the use of autodialers for some purposes, but had reviewed its records and determined that autodialers were not used to make the calls at issue).

The court's opinion in *Ung v. Universal Acceptance Corporation* is instructive on this point. *Id.*, No. 15-127 (RHK/FLN), 2017 WL 1288378 (D. Minn. Apr. 6, 2017). In *Ung*, the plaintiff relied on the defendant's interrogatory answer as proof that the defendant "admitted" calling him using an ATDS. However, the interrogatory requested that the defendant identify the means by which it had placed calls to cellular telephone numbers during the preceding four years. As the court explained, "That interrogatory,

---

[2] The cover page of Mr. Harwood's deposition transcript unmistakably indicates that Mr. Harwood's testimony is subject to a protective order. Michael S. Poncin Declaration, May 25, 2017, ¶ 3. Mr. Roark's counsel filed the transcript notwithstanding the protective order. *Id.* Therefore, plaintiff's attempt to rely upon Mr. Harwood's testimony in this case should be rejected.

however, asked the company to identify the means by which it had called every cell phone over a four-year period -- whether for a customer, a reference, or a landlord – and it is undisputed that [an ATDS] was used to call *customers* of [the defendant]. [The] fact that [the defendant] identified the [ATDS] in response to this interrogatory does not mean that it called [the plaintiff] using the … dialer." *Ung*, No. 15-127 (RHK/FLN), 2017 WL 1288378, at *3-4 (emphasis in the original).

Mr. Harwood's testimony simply has no bearing on whether Credit One or, for that matter, anyone else used an ATDS to place the calls at issue in this case. Plaintiff's failure to demonstrate that the Credit One or its vendors used an ATDS to place the alleged calls renders plaintiff unable to meet his burden of proving an essential element of his TCPA claims.

> **4.    Plaintiff's Alleged Telephone Number is Neither Assigned to a "Cellular Telephone Service" Nor to Any Service for Which Plaintiff Was Charged for the Alleged Calls.**

**a.    The telephone number associated with plaintiff's TextMe app is not assigned to a "cellular telephone service."**

By its plain terms, the TCPA does not prohibit calls made to a mobile or "cellular" telephone. 47 U.S.C. § 227(b)(1)(A). Rather, the TCPA prohibits telephone calls made to "any telephone number assigned to a . . . cellular telephone *service*." *Id.* (emphasis added).

The record reflects that plaintiff installed the TextMe app on a mobile telephone. Def.'s Proposed Findings of Fact in Resp. to Pl.'s Mot. for SJ ("DRSJ") ¶¶ 14-15, 19-20. Plaintiff has not established that the telephone number associated with his TextMe app

was assigned to a cellular telephone service. In fact, the record proves otherwise. DRSJ. TextMe is not a cellular telephone service. DRSJ ¶ 17. The telephone number associated with plaintiff's TextMe account is not "assigned to a . . . . celullar telephone service." DRSJ ¶ 16. Furthermore, plaintiff failed to produce any bill establishing that he subscribed to any cellular telephone service provider with respect to the telephone numbers at issue. DRSJ ¶ 21.

At noted above, plaintiff's TCPA claims fail as a matter of law because he cannot establish that Credit One or its vendors used an ATDS to make the calls at issue. Even if he could establish the use of an ATDS, to prevail on his TCPA claims, if plaintiff cannot establish that his telephone number was "assigned to a . . . cellular telephone service, "he must establish that he was charged for the telephone calls at issue. For the reasons describe below, plaintiff is unable to do so.

> **b.  Plaintiff's Alleged Telephone Number is Not Assigned to "Any Service for which the Called Party is Charged for the Call."**
>
> > *(i)  Plaintiff must establish that he was charged for the alleged calls to his alleged telephone number.*

Plaintiff argues that it is not necessary for him to prove that he incurred charges for the calls at issue. But that is true if – and only if – plaintiff could have established that his telephone number was assigned to a "cellular telephone service." See, e.g., *Lozano v. Twentieth Century Fox Film Corp.*, 702 F.Supp.2d 999, 1001, 1009-10 (N.D. Ill. 2010), citing with approval *Abbas v. Seeling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, *3 (N.D. Ill. Dec. 14, 2009) (holding "that the TCPA does not require that a party called

at a "telephone number assigned to a ***cellular telephone service***" establish that he was charged for the call) (emphasis added); *see also Lynn v. Monarch Recovery Management, Inc.,* 586 Fed.Appx. 103, 103-104 (4th Cir. 2014) (the plaintiff was able to recover under the TCPA because his number was assigned to a Voice over Internet Protocol ("VoiP") service that charged him for each incoming call).

The TCPA prohibits any person from using an ATDS to make calls to "any telephone number assigned to a . . . cellular telephone service" or to "any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A). If, as in this case, the alleged telephone number is not assigned to a cellular telephone service, to prevail on his TCPA claims, the claimant must prove that he was charged for the alleged calls. *See Lozano*, 702 F.Supp.2d at 1010.

Plaintiff argues that he need not establish that he was charged for the alleged calls, citing *Silbaugh v. Viking Magazine Services* for the proposition that:

> … every court examining the pertinent language of the TCPA has concluded that a plaintiff does not have to prove that he was charged for a call to state a claim under the TCPA.

*Id.*, 278 F.R.D. 389, 393 (N.D. Ohio 2012) (rejecting the position of the FCC, as set forth in the 1992 Order).

In reality, however, the cases cited by plaintiff, including *Silbaugh*, do not support his argument. *See, e.g.*, *See Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, at *3 (N.D. Ill. Dec. 14, 2009) ("[T]he TCPA does not require that a party called via a "telephone number assigned to a cellular service" establish that he or she was

charged for the call.). Plaintiff should have placed the quoted language in *Silbaugh* in context, as the *Lozano* court did:

> First, "in the portion of the 1992 FCC Order in which the FCC states that the TCPA is not intended to prohibit calls for which the calling party is not charged, the FCC is specifically discussing "calls made by cellular carriers to ***cellular subscribers*** . . . There is no indication that the FCC's statement applies more broadly than this limited context.
>
> Second, reading the FCC's statement to require that a party be charged for a call in order for a violation of [the TCPA] to occur is contrary to the plain language of the statute. Due to the occurrence of two disjunctive prepositions in the relevant portion of § 227, the phrase "for which the called party is charged for the call" only modified "any service." *See O'Kane v. Apfel*, 224 F.3d 686, 690 (7th Cir. 2000) (identifying the "last antecedent rule of statutory construction," holding "that where one phrase of a statute modifies another, the modifying phrase applies only the phrase immediately preceding it.").

*Lozano*, 702 F.Supp.2d at 1009-10 (internal citations omitted). (emphasis added). When placed in the proper context, the language that plaintiff quotes from *Silbaugh* stands solely for the proposition that a claimant need not establish that he incurred charges for calls made to a "telephone number "assigned to a . . . ***cellular telephone service***." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). *Silbaugh*, 278 F.R.D. at 393. Thus, when the *Silbaugh* court stated that plaintiff need not establish that he incurred charges for the calls, it did so because the telephone number at issue was assigned to a cellular telephone service. *Silbaugh*, 278 F.R.D. at 393 (citing the plaintiff's reply brief for his satisfactory demonstration of that fact). *See* DRSJ ¶ 32.

TextMe is not a cellular telephone service, and the telephone number associated with plaintiff's TextMe app is not "assigned to a . . . cellular telephone service." Plaintiff's repeated references in his brief to plaintiff's "cellular telephone number" and "cellular telephone service" are merely tactics designed to obscure the facts. In fact, plaintiff took care to avoid any mention of his use of the TextMe app until he responded to written discovery in this case. DRSJ ¶ 33.

> *(ii)* *Plaintiff cannot establish that he was charged for incoming calls to his alleged telephone number.*

Plaintiff cannot establish that his telephone number was assigned to a "service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A). Plaintiff fails to produce sufficient evidence that he paid money or credits for incoming calls. *See* DRSJ ¶ 22. *Compare* DRSJ ¶ 18. In fact, the declaration of TextMe, Inc.'s Chief Financial Officer conclusively establishes that TextMe does not charge for incoming calls, and thus did not charge for the calls at issue here. DRSJ ¶ 18. *See In re Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961, 2015 WL 4387780 at ¶ 36 (FCC 2015) ("[TextMe] [a]pp users may also receive calls … without charge."). Thus, even if plaintiff incurred any charges for using the TextMe app, such charges simply could not be, and were not, as a result of any alleged incoming "call" to the TextMe app. Accordingly, plaintiff's TCPA claims fail as a matter of law.

### B. PLAINTIFF'S INVASION OF PRIVACY CLAIM FAILS AS A MATTER OF LAW.

#### 1. *Plaintiff Fails to Produce Sufficient Evidence to Hold Credit One Vicariously Liable for Invasion of Privacy.*

In his complaint, plaintiff asserted that Credit One is directly liable for violating his privacy rights under Wisconsin state law. Plaintiff virtually concedes that Credit One itself did not place any of the calls to his alleged telephone number. *See, e.g.*, PPFF ¶¶ 23, 25. Thus, his claim that Credit One is directly liable for violating Wisconsin privacy law fails as a matter of law.

Even assuming, *arguendo*, that plaintiff could amend his pleading by way of this motion, a claim that Credit One is vicariously liable for violating plaintiff's privacy rights would also fail tor the reasons described in section I.A.2, *supra*.

#### 2. *No reasonable person would find the calls to be highly offensive.*

Plaintiff bases his invasion of privacy claim on Wisconsin Statutes section 995.50(2)(A), which proscribes "[i]ntrusion upon the privacy of another of a nature highly offensive to a reasonable person, in a place that a reasonable person would consider private." Wis. Stat. § 995.50(2)(a); *Gillund v. Meridian Mut. Ins. Co.*, 778 N.W.2d 662, 672 (Wis. Ct. App. 2009) (the test to determine whether a defendant may be held liable for invasion of privacy "is an objective one: whether a reasonable person would find the intrusion highly offensive"). Even if plaintiff properly pleaded a theory of liability, no reasonable person would find the calls to be highly offensive under the circumstances of this case.

"Wisconsin privacy law turns in part on the reasonable expectation [of privacy] that an individual would have in the environment in question." *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013). "The test is an objective one; whether a reasonable person would find the intrusion highly offensive." *Beal v. Windham Vacation Resorts, Inc.*, 956 F.Supp.2d 962, 972 (W.D. Wis. 2013) (citation omitted). The determination involves evaluating the context, facts, and circumstances to determine whether the plaintiff had a reasonable expectation of privacy either in the area itself or in the items in the area. *Bogie*, 705 F.3d at 610 (emphasis added).

At times, during calls that plaintiff made to putative representatives of Credit One,[3] plaintiff refused to identify his alleged telephone number for the stated purpose of deliberately allowing the calls to continue, thereby accumulating his alleged damages. DRSJ ¶ 30.

No reasonable juror could conclude that the result of such conduct is "highly offensive" or something to which a reasonable person would "strongly object." *See Beal*, 956 F.Supp.2d at 972; *Keller v. Patterson*, 819 N.W.2d 841, 845 (Wis. Ct. App. 2012) (hang up calls, letters, and cars honking in front of a person's home did not constitute an invasion of privacy under section 995.50). Moreover, plaintiff fails to demonstrate that TextMe app is a "place that a reasonable person would consider private." *See Doe v. Saftig*, 2011 WL 1792967, *14 (E.D. Wis. May 11, 2011) ("The plaintiff's assertion that Saftig disclosed private information obtained through her credit report and through a

---

[3] Plaintiff made the calls from a telephone number that differs from the telephone numbers at issue in this case. DRSJ ¶ 27.

conversation with Saftig does not involve an intrusion into a private 'place.'"). No reasonable jury could conclude that a mobile application designed to assist a user in sending and receiving text messages and telephone calls is "a place that a reasonable person would consider private." Wis. Stat. § 995.50(2)(a).

In sum, there is no evidence that Credit One called plaintiff. There is no evidence that iEnergizer, First Contact, or any other vendor called plaintiff and, even if so, there is no evidence to hold Credit One liable for any calls made by any vendor.

## CONCLUSION

For the reasons described herein and in Credit One's brief in support of its motion for summary judgment, the Court should deny plaintiff's motion for summary judgment and grant Credit One's motion for summary judgment.

Dated: May 25, 2017
/s/ Michael S. Poncin
Michael S. Poncin (No. 296417)
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402-4129
Telephone: (612) 877-5000
E-mail: mike.poncin@lawmoss.com

*ATTORNEYS FOR DEFENDANT*
*CREDIT ONE BANK, N.A.*