IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN BAEMMERT,

                       Plaintiff,

v.

CREDIT ONE BANK, N.A.,

                       Defendant.

OPINION & ORDER

16-cv-540-jdp

---

Plaintiff John Baemmert received more than 60 phone calls attempting to collect credit card debt for defendant Credit One Bank, N.A. Baemmert sued Credit One, claiming violations of the anti-robocall provision of the Telephone Consumer Protection Act of 1991 (TCPA) and invasion of privacy under Wisconsin law. The court granted summary judgment in favor of Baemmert as to Credit One's liability on his TCPA claim. As for his invasion of privacy claim, the court required Baemmert to respond under Federal Rule of Civil Procedure 56(f) why the claim should not be dismissed under *Keller v. Patterson*, which concluded that unwanted phone calls do not constitute an invasion of privacy claim. 2012 WI App 78, ¶¶ 10–11, 343 Wis. 2d 569, 819 N.W.2d 841.

This order will address three matters: (1) Baemmert's Rule 56(f) response that his invasion of privacy claim should not be dismissed, Dkt. 44; (2) Credit One's motion for reconsideration, Dkt. 45; and (3) Credit One's motion to strike notice of supplemental authority, Dkt. 40.

**A. Baemmert's invasion of privacy claim**

Baemmert contends that receiving more than 60 unwanted phone calls over 12 days constitutes an invasion of privacy under Wis. Stat. § 995.50(2)(a), which prohibits

"[i]ntrusion upon the privacy of another of a nature highly offensive to a reasonable person, in a place that a reasonable person would consider private or in a manner which is actionable for trespass." Because *Keller* precludes Baemmert's invasion of privacy claim, the court will grant summary judgment to Credit One under Rule 56(f) and dismiss this claim.

When the state's highest court has not addressed the issue, as it is the case here, a federal district court must use its "own best judgment to estimate how" the state's highest court would rule. *Jackson v. Bank of Am. Corp.*, 711 F.3d 788, 791 (7th Cir. 2013) (quoting *Blood v. VH-1 Music First*, 668 F.3d 543, 546 (7th Cir. 2012). "A federal court takes into consideration lower state court decisions, if any, but is not bound to apply and follow these decisions if it believes that they would not be affirmed by the state's supreme court." *Fischer v. Mt. Olive Lutheran Church*, 207 F. Supp. 2d 914, 927 (W.D. Wis. 2002). But disagreeing with an intermediate state court's ruling on an issue of state law is not the norm. An intermediate court's ruling "is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state *would decide otherwise*.'" *In re Emerald Casino, Inc.*, 867 F.3d 743, 765 (7th Cir. 2017) (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)) (emphasis in original).

Here, the Wisconsin Supreme Court has not decided whether a large number of phone calls placed to one's home can constitute an invasion of privacy, and the closest case is *Keller*. In *Keller*, a neighbor of a sex offender had distributed flyers about the sex offender, which in turn prompted other individuals to make harassing phone calls to the sex offender's home. 2012 WI App 78, ¶¶ 2–4, 10. When the sex offender's brother and parents sued the neighbor, the Court of Appeals rejected their invasion of privacy claim. The court explained,

> The Kellers argue that the hang-up calls, letters, and cars honking their horns in front of their house amounted to an invasion of their home. We disagree. There was no physical intrusion of the Kellers' home by Patterson or even at Patterson's direction.

*Id*. ¶ 10. The court also rejected the plaintiffs' argument that phone calls were recognized as an invasion of privacy under the Restatement of Torts:

> The Kellers do cite to comments in the RESTATEMENT (SECOND) OF TORTS (1977) § 652A & B as persuasive authority that Patterson could be liable for the phone calls and honking horns, but as they acknowledge, the RESTATEMENT (SECOND) is worded differently and therefore has limited applicability to this case. Because of that, the comments cited by the Kellers simply do not help their case.

*Id*. ¶ 10, n.3 (citation omitted)).

Baemmert contends that *Keller*'s holding is that the plaintiff had sued the wrong defendant, pointing to the language that "[t]here was no physical intrusion of the Kellers' home by Patterson *or even at Patterson's direction*." Dkt. 44, at 3 (quoting *Keller*, 2012 WI App 78, ¶ 10) (emphasis added). But the absence of direction by the defendant was only one of the reasons why the plaintiff had no invasion of privacy claim; Baemmert does not explain why the court should disregard the rest of the Court of Appeals' reasoning. The Court of Appeals discussed the Restatement's view, that unwanted phone calls could constitute an invasion of privacy,[1] and explicitly rejected it.

---

[1] Restatement (Second) of Torts § 652B cmt. b illus. 5 ("A, a professional photographer, seeking to promote his business, telephones B, a lady of social prominence, every day for a month, insisting that she come to his studio and be photographed. The calls are made at meal times, late at night and at other inconvenient times, and A ignores B's requests to desist. A has invaded B's privacy.").

3

Baemmert does not argue that the Wisconsin Supreme Court would overturn *Keller*. He instead identifies four reasons why this court should not follow it. The court will discuss each in turn.

First, Baemmert contends that after *Keller*, the Wisconsin Court of Appeals decided in *Sawyer v. W. Bend Mut. Ins. Co.*, 2012 WI App 92, 343 Wis. 2d 714, 821 N.W.2d 250, that even one junk fax can invade one's privacy. But *Sawyer* is not on point. In *Sawyer*, the plaintiff alleged that a sender of an unsolicited fax advertisement had violated the TCPA, and the court had to decide whether the sender's insurer had an obligation to pay for the TCPA violation. *Id*. ¶¶ 2–4. The case turned on the interpretation of an insurance policy, not the statute at issue here, Wis. Stat. § 995.50. The majority contemplated what the right of privacy meant under the insurance policy, as a matter of a contract interpretation, by referring to TCPA concepts without referring to § 995.50. *See, e.g., id*. ¶¶ 20–22. The dissent did refer to § 995.50, but did so to demonstrate that not "every piece of junk mail" could constitute an invasion of privacy. *Id*. ¶ 35 (Fine, J., dissenting). The *Sayer* decision, read as a whole, has no effect on how to interpret § 995.50 and is not contrary to *Keller*.

Second, Baemmert contends that "Wisconsin Courts make[] no distinction between what is legally actionable conduct, and what is not, simply because it occurs using a telephone." Dkt. 44, at 6. He relies on *Bachowski v. Salamone* 139 Wis. 2d 397, 407 N.W.2d 533 (1987), a case about obscene phone calls, and *State v. Steffes*, 2013 WI 53, 347 Wis. 2d 683, 832 N.W.2d 101, a case about fraud committed via phone calls. These cases do not pertain to § 995.50, so they do not affect the analysis, especially when we have a case on point.

4

Third, Baemmert contends that § 995.50 requires courts to look at the developing common law of privacy. Dkt. 44, at 7. This is true, *see* § 995.50(d)(3), but Baemmert has not shown that the common law of privacy has developed in a different direction from *Keller*. He relies on cases similar to *Sawyer*, Dkt. 44, at 7–8 (citing *Owners Ins. Co. v. European Auto Works, Inc.*, 695 F.3d 814 (8th Cir. 2012) and *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795 (9th Cir. 2017)), where courts interpreted specific insurance policies. These cases do not show development in common law. They are also from other jurisdictions, and "[i]t is not appropriate for a federal court . . . to distinguish state precedent for the purpose of adopting the reasoning of a non-binding state court decision. The proper role of a federal court sitting in diversity jurisdiction is to apply state substantive law, and only 'in the absence of' state authority may the district courts 'consider decisions from other jurisdictions.'" *Alper v. Altheimer & Gray*, 257 F.3d 680, 688 (7th Cir. 2001) (quoting *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999)).

Finally, Baemmert contends that two decisions from this district support his claim, but they don't. He relies on *Beal v. Wyndham Vacation Resorts, Inc.*, but in that case, whether phone calls can constitute an invasion of privacy was not a disputed issue. 956 F. Supp. 2d 962, 975 (W.D. Wis. 2013) ("Defendant has not argued that plaintiff cannot sustain claims for nuisance or invasion or privacy on the basis of the 100–plus calls she received during the November 2009 to July 2010 period. Therefore, I do not consider this issue."). Baemmert also relies on *Fischer*, where the issue was "whether accessing plaintiff's email account is highly offensive." 207 F. Supp. 2d 914, 928 (W.D. Wis. 2002). Baemmert has not explained how *Fischer* is relevant here.

5

In sum, Baemmert cannot prevail on his invasion of privacy claim under *Keller*. The court will grant summary judgment for Credit One and dismiss Baemmert's invasion of privacy claim.

**B. Credit One's motion for reconsideration.**

Credit One moves for reconsideration of the court's summary judgment order. Dkt. 45. It contends that (1) Baemmert adduced insufficient evidence to show that Credit One's vendor, First Contact, LLC, used an Automatic Telephone Dialing System (ATDS) to call Baemmert; (2) there are material disputes whether Baemmert incurred charges for the collection calls at issue; and (3) Credit One did not willfully violate the TCPA.

Under Rule 54(b), non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See also Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (discussing a district court's discretionary authority to revise non-final orders). The court's summary judgment order did not resolve the issue of damages, so it is not a final order that adjudicated all parties' rights and liabilities, so Rule 54(b) applies here.

Motions for reconsideration under Rule 54(b) "are seldom granted and are to be used only 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *BB Syndication Servs., Inc. v. First Am. Title Ins. Co.*, No. 10-cv-195, 2013 WL 11322616, at *10 (W.D. Wis. Jan. 11, 2013) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). A Rule 54(b) motion is not a "vehicle to introduce new evidence that could have been adduced at summary judgment" or "to tender new legal theories for the first time." *Rothwell Cotton Co.*, 827 F.2d at 251 (quoting *Keene Corp. v. International Fidelity Insurance Co.*, 561 F.Supp. 656 (N.D.Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). The movant must

show that it "exercised due diligence in attempting to produce the evidence or argument." *Id*. at 252.

The court agrees with Baemmert that Credit One's motion is largely a rehash of its summary judgment arguments. Credit One identifies no manifest error of law or fact. Nor does it identify new evidence that it could not have adduced had it exercised diligence. The court has adequately addressed the merits of Credit One's defenses in the summary judgment opinion, so the court will not repeat the analysis here. The court will address just a few issues that warrant discussion.

First, Credit One adduces the transcript from the deposition of Amy Hernandez, the CFO of TextMe, who testified that Baemmert did not incur charges for the collection calls. Credit One stylizes the deposition transcript as "[n]ewly discovered evidence." Dkt. 46, at 8. But Credit One has not shown that it exercised diligence in presenting the evidence at summary judgment.

Credit One contends that Hernandez was deposed only after the parties finished briefing the summary judgment motions because Baemmert failed to "clearly identify the service through which he allegedly received calls from Credit One during discovery." *Id*. at 8, n.4. Summary judgment motions were filed in May 2017, and Baemmert identified TextMe as one of his telephone service providers in response to Credit One's interrogatories on January 4, 2017. Dkt. 18-1, at 13. Baemmert himself subpoenaed TextMe in March 2017 for call records, Dkt. 23-3, at 4, and served the same subpoena on Credit One, *id*. at 6, and yet Credit One did not subpoena TextMe until April 10, 2017, Dkt. 46, at 10, which led to a TextMe response on May 11, 2017, *id.*, filed on May 12, 2017 at 4:57 p.m., the last day to file a summary judgment motion. The court concludes that Credit One has not demonstrated

7

diligence in conducting discovery, and it will not consider Hernandez's deposition testimony or reconsider the decision to exclude her declaration.

Another issue that warrants discussion is whether Credit One willfully violated the TCPA. At summary judgment, the court explained:

> Credit One does not respond to Baemmert's argument that Credit One's violations of the TCPA were willful and knowing. The court will deem the point to have been conceded. Credit One was aware of its obligations under the TCPA, as it has been sued over a dozen times in the past for TCPA violations. The initial calls might have been made in error, but Baemmert repeatedly informed the collectors to stop calling, and yet the calls continued. Because the violations were willful and knowing, the court has the discretion to increase the damages up to $1,500 per call. The court will exercise its discretion and set a damages amount after trial.

Dkt. 43, at 15. Credit One contends that the court erred in concluding that Credit One willfully violated the TCPA. Credit One contends that it addressed willfulness by arguing that it had not violated the TCPA at all. The court is not persuaded. An argument on the merits does not necessarily address the willfulness of a defendant's actions. And Credit One's failure to respond to Baemmert's willfulness argument was only part of the rationale. Credit One does not dispute that Baemmert repeatedly asked the debt collectors to stop calling, yet the calls continued. In any case, willfulness matters only because the court has discretion to increase the damages up to three times. 47 U.S.C. § 227(b)(3). The court will decide whether to exercise its discretion to do so at trial. At that point, Credit One may argue that its conduct was not so wrongful to warrant increased damages.

Credit One also contends that Baemmert adduced no evidence that he received an ATDS call because the devices described in the summary judgment opinion are not ATDSs. This is a non-issue: Baemmert must prove at trial the number of ATDS calls to recover

damages, and as part of his evidence, he would necessarily have to show that the devices were ATDSs.

Credit One also reiterates the contention that Baemmert paid for TextMe credits only after this case started, pointing to Baemmert's credit purchase history. Dkt. 47-1. But Credit One has not established that this document is an exhaustive list of Baemmert's credit purchases. To the contrary, Baemmert's deposition transcript shows that the purchase history is incomplete. *See* Dkt. 30 (Baemmert Dep. 162:3–6 ("MR. BARRY: Noted. We have supplemented with everything we have got. The records only go back one year . . . .")). Baemmert also testified that when he first downloaded TextMe, he received only limited number of credits so he had to purchase or earn credits to make calls and that he purchased or earned credits more than once. *Id*. at 43:8–25, 161:16–18.

**C. Credit One's motion to strike notice of supplemental authority**

Credit One filed a motion to strike notice of supplemental authority, Dkt. 40, in response to Baemmert's notice of supplemental authority, which was essentially his argument that TextMe itself is a cellular service provider, Dkt. 39. The court has already rejected Baemmert's argument at summary judgment, so Credit One's motion is moot.

ORDER

IT IS ORDERED that:

1. Defendant Credit One Bank, N.A.'s motion for summary judgment, Dkt. 15, is GRANTED in part and DENIED in part. Plaintiff John Baemmert's invasion of privacy claim is DISMISSED.

2. Defendant's motion to strike notice of supplemental authority, Dkt. 40, is DENIED as moot.

3. Defendant's motion for reconsideration, Dkt. 45, is DENIED.

Entered October 24, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge